SNUGGS v. USA　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Doc. 2

1651dis frm

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



FILED
MAR 29 2006
IN THIS OFFICE
Clerk U S District Court
Greensboro N C
By...

| | |
|---|---|
| Calvin Snuggs, | ) |
| | ) |
| Petitioner, | ) |
| | ) 1:06CV00289 |
| v. | ) |
| | ) 1:00CR214-2 |
| United States of America, | ) |
| | ) |
| Respondent. | ) |

### RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Calvin Snuggs, a federal prisoner, has filed a petition whereby he seeks to proceed pursuant to 28 U S C § 1651  The writ of error coram nobis is "of the same general character" as the writ of habeas corpus under 28 U S C § 2255  United States v Morgan, 346 U S 502, 505 n 4, 74 S Ct 247, 250 n 4, 98 L Ed 248 (1954), see also United States v Travers, 514 F 2d 1171, 1175-79 (2d Cir 1974) (Friendly, J , apparently applying habeas corpus standard in a coram nobis case)  At least one court has perhaps suggested that coram nobis relief is more difficult to obtain than a writ of habeas corpus  United States v Keane, 852 F 2d 199, 203 (7th Cir 1988) ("The reason to bend the usual rules of finality is missing when liberty is not at stake ")  The common law writ of coram nobis is an "extraordinary remedy" which may be utilized "only under circumstances compelling such action to achieve justice " Morgan, 346 U S at 511, 74 S Ct at 252  "An error of the most fundamental character must have occurred to warrant issuing the writ and no other remedy may be available " United States v Mandel, 862

Dockets.Justia.com

F.2d 1067, 1075 (4th Cir. 1988). In this case, petitioner has available a remedy through the process designated for approval of second or successive motions pursuant to 28 U.S.C. § 2255.

This petition cannot be further processed because court records reveal that petitioner has previously attacked the same conviction and sentence in a previous section 2255 motion. [No. 1:02CV751] Consequently, petitioner must move in the Fourth Circuit Court of Appeals for an order authorizing this district court to consider the current petition. This is required by 28 U.S.C. § 2255 and 28 U.S.C. § 2244. See AO 243 (MDNC 3/97), Instructions, ¶ (4), which is enclosed. Because of this pleading failure, this particular petition will be dismissed, but without prejudice to petitioner filing a new motion after obtaining approval from the Fourth Circuit Court of Appeals.

**IT IS THEREFORE RECOMMENDED** that this action be dismissed sua sponte without prejudice to petitioner filing a Motion for Authorization in the court of appeals as required by 28 U.S.C. § 2244 and Fourth Circuit Local Rule 22(d).

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: March 29, 2006